UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| QUINTON JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01696-JPH-MPB |
| | ) | |
| MADISON COUNTY COMMUNITY | ) | |
| JUSTICE/WORK-RELEASE CENTER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening and Dismissing Complaint
and Directing Further Proceedings**

Plaintiff Quinton Jackson, an inmate at Madison County Justice/Work-Release Center, brings this 42 U.S.C. § 1983 action alleging that certain individuals exhibited deliberate indifference to his serious medical needs. Because Mr. Jackson is a "prisoner," the Court must screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. Allegations and Discussion

Mr. Jackson's complaint names several defendants: (1) Madison County Justice/Work-Release Center ("the Center"); (2) the Madison County Board of Commissioners; (3) Mason Brizendine, Director of the Center; (4) Tia Baker, Assistant Director of the Center; (5) Shon Shepard, the Unit Management Manager for the Center; (6) Jenny Chambers, the Chief Security Officer for the Center; and (7) Scott Mellinger, the Sheriff of Madison County. He seeks monetary damages and injunctive relief.

On May 26, 2020, Mr. Jackson informed Officer Courtney and Officer Frost that he was experiencing symptoms of COVID-19 and stated that he needed to go to the hospital. These officers ignored his complaints and refused his request for medical treatment. The next day, Mr. Jackson told Ms. Chambers and Mr. Shepard of his symptoms and need for medical treatment. Neither Ms. Chambers nor Mr. Shepard allowed Mr. Jackson to seek medical treatment.

Mr. Jackson alleges that Mr. Brizendine failed to adequately train and supervise Ms. Chambers and Ms. Baker. He also asserts that the Madison County Board of Commissioners failed to implement policies and procedures to safeguard his rights to receive medical treatment.

## III. Analysis

Although Mr. Jackson attempts to name the Center as a defendant, the Center is a non-suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-

suable entity.") Thus, all claims against the Center are **dismissed for failure to state a claim upon which relief can be granted**.

Next, "[i]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Mr. Jackson makes no factual allegations against Ms. Baker or Sheriff Mellinger to establish that they were involved in the alleged constitutional deprivation. All claims against Ms. Baker and Sheriff Mellinger are therefore **dismissed for failure to state a claim upon which relief can be granted**.

Mr. Jackson asserts a claim against Ms. Chambers, Mr. Shepard, Officer Courtney and Officer Frost[1] for ignoring his complaints that he was experiencing symptoms of COVID-19 and refusing his requests for medical assistance. He also seeks to hold Mr. Brizendine liable for failure to train and supervise employees of the Center and the Madison County Board of Commissioners liable for failing to implement policies to protect Mr. Jackson's right to receive medical treatment. However, he does not allege that he suffered any compensable injury as a result of being ignored and refused medical assistance. Section 1983 allows for recovery only by a "party *injured*" by a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added); *see also Armstrong v. Daily*, 786 F.3d 529, 553 (7th Cir. 2015)

---

[1] Mr. Jackson did not specifically identify Officer Courtney and Officer Frost as defendants in the complaint. *See* dkt. 1 at 1-2. Construing the complaint liberally, however, the Court believes Mr. Jackson intended to include these individuals as defendants.

(a plaintiff must "establish one of the necessary elements of a constitutional tort: that the officer's act . . . caused any injury." (internal quotation omitted)). For this reason, all claims against Ms. Chambers, Mr. Shepard, Officer Courtney, Officer Frost, Mason Brizendine, and the Madison County Board of Commissioners are **dismissed for failure to state a claim upon which relief can be granted**.

Because the Court has been unable to identify a viable claim or a viable defendant, the complaint is dismissed.

### IV. Opportunity to Amend

The dismissal of Mr. Jackson's complaint will not in this instance lead to the dismissal of the action at present. Instead, Mr. Jackson shall have **through October 8, 2020,** to file an amended complaint that cures the deficiencies identified above. *See Tate v. SCR Med. Trans.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint will completely replace the original complaint. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Mr. Jackson wishes to pursue in this action and identify which defendants are responsible for each alleged constitutional violation. It must also have the proper case number, 1:20-cv-01696-JPH-MPB, and the words "Amended Complaint" on the first page. If Mr. Jackson files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If he fails to do so, this action will be dismissed without further notice.

**SO ORDERED.**

Date: 9/14/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

QUINTON JACKSON
Madison County Community Justice/Work-Release Center
119 Jackson Street
Anderson, IN 46016

5