UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUINTIN JACKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MADISON COUNTY BOARD OF )<br>COMMISSIONERS, et al. )<br>)<br>Defendants. ) | No. 1:20-cv-01696-JPH-MG |

**Order Denying Motion to Dismiss**

In March 2021, Plaintiff, Quintin Jackson, filed an amended complaint asserting claims against the Madison County Board of Commissioners ("Madison County") and Sheriff Scott Mellinger. Dkt. 25. The Court screened the amended complaint and allowed Eighth Amendment claims to proceed. Dkt. 26. The defendants have filed a motion to dismiss for failure to state a claim. Dkt. 41. For the reasons explained below, the motion to dismiss, dkt. [41], is **denied**.

**I. Legal Standard**

Rule 12(b)(6) allows a party to file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

1

## II. Factual Allegations

In May 2020, Mr. Jackson informed officers at the Madison County Community Justice Center ("Justice Center") that he was experiencing symptoms of COVID-19 and needed to go to the hospital, but they did nothing. Dkt. 25 at 3.

Mr. Jackson alleges that Madison County exhibited deliberate indifference "by failing to implement certain policies and procedures safeguarding [Mr. Jackson's] rights to receive medical treatment." *Id.* Additionally, he asserts that Sheriff Mellinger "failed to oversee and supervise his employees at the [Justice Center]" because he knew of Mr. Jackson's complaints and did not ensure that staff at the Justice Center "followed all procedures and policies." *Id.* at 6. He also asserts that Sheriff Mellinger failed to "implement certain policies and procedures safeguarding [Mr. Jackson's] rights." *Id.*

## III. Analysis

Mr. Jackson filed his complaint under 42 U.S.C. § 1983. To state a claim under § 1983, Mr. Jackson must allege "that a person acting under color of state law deprived him of a right, privilege, or immunity secured by either the Constitution or by federal law." *Rossi v. City of Chicago*, 790 F.3d 729, 734 (7th Cir. 2015). The constitutional provision implicated by Mr. Jackson's allegations is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions

under which he is confined are subject to scrutiny under the Eighth Amendment.").

## A. Claim Against Madison County

"A government entity can be held liable under § 1983 when the execution of a government policy or custom is deemed to inflict an injury on a plaintiff." *Rossi*, 790 F.3d at 737. Additionally, a government entity may be held liable under § 1983 if it fails to make policy. *See Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 382 (7th Cir. 2017) ("[I]n situations that call for procedures, rules or regulations, failure to make policy itself may be actionable." (quoting *Sims v. Mulcahy*, 902 F.2d 524, 543 (7th Cir. 1990))).

This Court "is obligated to liberally construe a *pro se* plaintiff's pleadings." *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017). Doing so here, Mr. Jackson's complaint alleges that Madison County failed to implement a policy to protect his constitutional right to receive medical treatment. That is sufficient to state a claim against Madison County in its official capacity. The motion to dismiss is denied with respect to Mr. Jackson's Eighth Amendment claim against Madison County.

## B. Sheriff Mellinger

"Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029-30 (7th Cir. 2018). "But whether a given supervisor retained some operational responsibilities is a question of fact." *Id.* at 1030.

Liberally construing Mr. Jackson's amended complaint, he alleges that Sheriff Mellinger is responsible for running the Justice Center and ensuring that officers at the Justice Center implement all policies and procedures regarding medical treatment. *See* dkt. 25 at 6. He also alleges that Sheriff Mellinger reviewed Mr. Jackson's grievance yet failed to ensure the officers complied with applicable policies. *Id.* These allegations state a claim against Sheriff Mellinger in his individual capacity. The motion to dismiss is denied.

### IV. Conclusion

Construing the factual allegations in Mr. Jackson's complaint liberally, he has pleaded sufficient facts to state a claim that Madison County failed to implement a policy and that Sheriff Mellinger failed to supervise officers at the Justice Center. Therefore, the motion to dismiss filed by the Madison County Board of Commissioners and Sheriff Mellinger, dkt. [41], is **denied**.

Defendants Madison County Board of Commissioners and Sheriff Mellinger shall have **through October 29, 2021,** to file an answer to the amended complaint.

**SO ORDERED.**

Date: 10/6/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

QUINTIN JACKSON
263664
HERITAGE TRAIL CORRECTIONAL FACILITY
501 W. Main Street
Plainfield, IN 46168

All Electronically Registered Counsel